**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

LYON COLLEGE                                                                                           PLAINTIFF

v.                                          No. 1:13CV00073 JLH

LEXINGTON INSURANCE COMPANY                                                       DEFENDANT

## ORDER

Lexington Insurance Company has filed a motion to modify the amended final scheduling order, to depose the president of Lyon College a second time, and to reschedule the trial. Lyon College has opposed the motion.

In large part, the motion concerns discovery matters. Lexington contends that Lyon College has been dilatory in supplementing its responses to requests for production of documents; Lyon College disagrees. The parties have provided the Court with a detailed account of the document productions by Lyon College in this matter, each in an effort to convince the Court that the other side has failed to proceed in good faith.

Local Rule 7.2(g) provides:

> All motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court. If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule. Repeated failures to comply will be considered an adequate basis for the imposition of sanctions.

The substance of Lexington's motion relates to discovery and includes a request for a second deposition of a witness for Lyon College, but Lexington's motion does not contain a certification that the parties have conferred in good faith as required by Local Rule 7.2(g). Therefore, the Court declines to address the discovery issues raised in Lexington's motion.

Lexington's motion for a continuance, however, is granted on other grounds. This action is scheduled for trial in Batesville during the week of May 11, 2015, but it is second on the docket, not first. While a motion for summary judgment is pending in the case with a first-out setting, the final brief has not yet been filed, so the motion for summary judgment is not ripe for decision. Consequently, at this time, the Court has no assurance that its docket will permit a trial of the instant action during the week of May 11, and it may not know whether it can try this case during the week of May 11 until late April or early May. Furthermore, at the joint request of the parties, on March 19, 2015, the Court referred this matter to United States Magistrate Judge Jerry W. Cavaneau for a settlement conference. Continuing the trial would facilitate the settlement conference, which may be difficult to schedule otherwise due to the late date of the parties' request and the retirement of the magistrate judge originally assigned to this case.

Lexington Insurance Company's motion to reschedule the trial is granted. A new scheduling order will be entered separately setting this case for a first-out setting at a later time. Because Lexington did not certify in this motion that the parties have conferred in good faith, the motion to reschedule the deposition of Dr. Weatherman is denied. As previously stated, the Court declines to address the discovery issues absent a certification that the parties have conferred in good faith. Accordingly, Lexington's motion is granted in part and denied in part. Document #39.

IT IS SO ORDERED this 2nd day of April, 2015.

_J. Leon Holmes_

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE